IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. VALDEZ, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., and DOES 1-50, inclusive, <br><br> Defendants. | Case No. C 13-2450 SC <br><br> ORDER GRANTING DEFENDANT'S <br> <u>MOTION TO DISMISS</u> |

## I.  **INTRODUCTION**

Now before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") motion to dismiss Plaintiff Miguel A. Valdez's complaint.  ECF No. 1 Ex. A ("Compl."); ECF No. 7 ("MTD").  The motion is fully briefed.  ECF Nos. 19 ("Opp'n"), 22 ("Reply").[1]

///

---

[1] Plaintiff filed his opposition late, and Defendant filed a sur-reply to that opposition -- having filed their reply a week after Plaintiff missed his deadline -- without the Court's permission. The Court will ignore these mistakes and treat the present filings as proper, but the parties should read the local rules closely in future matters.

## II. BACKGROUND

In 2007, Plaintiff obtained a mortgage loan and line of credit from Defendant, secured by deeds of trust encumbering his property. Since then, Plaintiff has apparently had trouble making his loan payments, resulting in harm to his credit score and some alleged overpayment to Defendant. However, no notice of default has been filed, and Plaintiff's property is not in foreclosure.

Plaintiff's complaint essentially targets Defendant's business practices. In short, Plaintiff claims that Defendant's business model relied on making risky loans to borrowers whom Defendant knew or should have known could not afford their payments. According to Plaintiff, Defendant did this because they made money by packaging and selling their loans at little risk to themselves. Further, Plaintiff alleges that Defendant encouraged its employees to push risky loan instruments onto people who could not pay them, and to ignore good lending practices like paying attention to loan-to-value or debt-to-income ratios. Moreover, Plaintiff claims that Defendant designed its loans -- adjustable-rate mortgages, or "ARMs" -- to feature lower fixed-interest rates for a short period followed by a dramatic increase in interest and monthly payments. Defendant claimed that refinancing based on increasing property values could offset these increasing expenses, but according to Plaintiff, Defendant worked with appraisers who would simply mark up homes' values for whatever Defendant's loan required.

This was all immensely complicated, apparently by design, but the essence of Plaintiff's complaint is that Defendant insufficiently disclosed the risks inherent in its loan products, and as a result Plaintiff suffered financial strain and damage to

his credit that he could have avoided had he been on notice of the danger of Defendant's loans and opted instead for safer financing options. Based on these facts Plaintiff asserts four causes of action against Defendant: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (2) fraud; (3) fraud in the inducement; and (4) unfair business practices. Defendant moves to dismiss.

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Motions to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible"

3

such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV. DISCUSSION

### A. Plaintiff's Claims Based on TILA and RESPA

Plaintiff asserts that some or all of his claims -- the complaint is not especially clear on this point -- are based on Defendant's alleged violations the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and Section 226 of the Truth in Lending Act ("TILA"), 12 C.F.R. § 226.  Plaintiff claims that Defendant violated RESPA by providing kickbacks to its agents for marketing and selling the allegedly misleading loans, and that Defendant violated TILA by not clearly and conspicuously disclosing risky key provisions of Plaintiff's mortgage loan.  Compl. ¶¶ 13, 14.

Defendant argues that Plaintiff's TILA and RESPA claims are time-barred, because claims brought under TILA must be filed within a year, and RESPA claims must be brought within one or three years, depending on the situation.  MTD at 5 (citing 15 U.S.C. § 1640(e) (TILA limit), 12 U.S.C. § 2614 (RESPA limit)).  Since Plaintiff obtained his loan in 2007 but filed this suit in 2013, Defendant claims that all of Plaintiff's claims based on TILA or RESPA are time-barred.  Id.  Plaintiff responds that the "continuing violation doctrine" tolls the relevant statutes of limitation.  Opp'n at 8.

The "continuing violation doctrine" extends the accrual of a claim if a chain of unlawful acts connects an earlier claim to a

4

claim arising within the limitations period. See Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981). It is occasioned by continual unlawful acts -- not by continual ill effects from an original violation. Id. Plaintiff claims that each mortgage payment Defendant collected, from 2007 to 2013, is continuous misconduct that triggers the continuing violation doctrine. Opp'n at 8. The Court cannot find support for this claim in Plaintiff's complaint. Plaintiff simply has not pled facts specific enough to show that the doctrine should apply. Moreover, courts have dismissed other plaintiffs' attempts to invoke the continuing violation doctrine based on failure to correct TILA disclosures, suggesting that a less open-ended theory is necessary in cases like this one. See Beaver v. Tarsadia Hotels, No. 11cv1842 DMS, 2012 WL 1564535, at *9 (S.D. Cal. May 2, 2012) (citing King v. California, 784 F.2d 910, 914 (9th Cir. 1986)).

Plaintiff's claims based on TILA and RESPA violations are DISMISSED with leave to amend. If Plaintiff chooses to amend his complaint on this point, he should provide specific facts about his tolling theory.

### B. Plaintiff's Fraud Claims

Plaintiff asserts causes of action for fraud and fraud in the inducement. Both causes of action have the same elements: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) damages. Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (Cal. 2003). Both actions are also subject to Federal Rule of Civil Procedure 9(b), which requires fraud and misrepresentation allegations to be plead with specificity. "To satisfy Rule 9(b), a pleading must identify 'the

who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

Plaintiff's allegations fail to plead anything with specificity. Plaintiff provides much general information about Defendant's alleged business practices, but nothing about how Plaintiff himself was actually defrauded, what false or misleading statements are actually at issue, what his damages are purported to be, or any other such information that would meet the specificity standard of Rule 9(b). Plaintiff only provides conclusory, vague allegations that the elements are met in his case -- he does not provide specific factual support for these claims.

Plaintiff's fraud claims are DISMISSED with leave to amend. Plaintiff should provide specific facts to support his fraud claims, if he amends.

**C.  Plaintiff's UCL and Unfair Business Practices Claims**

The UCL prohibits unfair competition, including, inter alia, "any unlawful, unfair or fraudulent business act." Cal. Bus. & Prof. Code § 17200. "Because [section 17200] is written in the disjunctive, it establishes three varieties of unfair competition-- acts or practices which are unlawful, or unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007). Plaintiff apparently brings his UCL claims under only the unlawful and unfair prongs. See Opp'n at 6.

First, plaintiffs can plead a UCL violation under the "unlawfulness" prong by pleading that a business practice violated a predicate federal, state, or local law. See Cel-Tech Commc'ns,

6

1  Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (citing
2  State Farm Fire & Cas. Co. v. Superior Court, 45 Cal. App. 4th
3  1093, 1103 (Cal. Ct. App. 1996)).
4      Second, California courts and the legislature have not
5  specified which of several possible "unfairness" standards is the
6  proper one, but this Court recently found that the California
7  Supreme Court would likely adopt the approach to unfairness
8  provided in Camacho v. Automobile Club of Southern California, 142
9  Cal. App. 4th 1394, 1402 (Cal. Ct. App. 2006), which incorporated
10 the three factors constituting unfairness under the Federal Trade
11 Commission Act: "(1) the injury must be substantial; (2) the injury
12 must not be outweighed by any countervailing benefits to consumers
13 or competition; and (3) the injury must be one that the consumer
14 could not reasonably have avoided."  Lyons, 2011 WL 3607608, at *10
15 (citing Camacho, 12 Cal. App. 4th at 1402).
16     However, as noted above, the Court cannot determine at this
17 time whether Plaintiff's TILA or RESPA claims are time-barred.  The
18 Court accordingly finds that Plaintiff has not pled a UCL claim
19 under the unlawful prong, which permits plaintiffs to bring UCL
20 claims based on the violation of predicate statutes.  Cel-Tech
21 Commc'ns v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (Cal.
22 1999).  As to the unfairness prong, the Court finds that Plaintiff
23 failed to plead facts supporting his claim.  Plaintiff's complaint
24 and opposition brief both refer very generally to "statements"
25 alleged to have been misleading or untrue, such as "statements
26 regarding the terms and payment obligations," "statements regarding
27 the prepayment penalty," or "statements that the home value would
28 continue to rise."  Opp'n at 5-6.  As unfair as the scheme

7

Plaintiff describes sounds, Plaintiff must support his allegations with facts in order to state a claim.

Plaintiff's UCL claim is DISMISSED with leave to amend, as is Plaintiff's claim for unfair business practices.  If Plaintiff refiles, he should plead specific facts supporting his claims.  He should also clarify whether his separately pled "unfair business practices" claim is somehow separate from his UCL claim.

### V. CONCLUSION

All of Plaintiff Miguel A. Valdez's claims against Defendant JPMorgan Chase Bank, N.A. are DISMISSED with leave to amend. Plaintiff has thirty (30) days from this Order's signature date to file an amended complaint.  If he does not do so, the complaint may be dismissed with prejudice.

IT IS SO ORDERED.

Dated: August 23, 2013

UNITED STATES DISTRICT JUDGE