IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL A. VALDEZ,

    Plaintiff,

  v.

JPMORGAN CHASE BANK, N.A., and DOES 1-50, inclusive,

    Defendants.

Case No. C 13-2450 SC

ORDER TO SHOW CAUSE

Plaintiff Miguel A. Valdez ("Plaintiff") filed this case on April 30, 2013, and Defendant JPMorgan Chase Bank, N.A. ("Defendant") removed it to federal court on May 30. ECF No. 1. Plaintiff's complaint asserted causes of action for fraud, fraud in the inducement, and violations of the "unlawful" and "unfair" prongs of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Defendant moved to dismiss the complaint, and on August 23, the Court granted that motion because (1) Plaintiff's claims based on violations of two federal statutes were time-barred, (2) Plaintiff's fraud-based claims lacked the particularity

required by Federal Rule of Civil Procedure 9(b), and (3) Plaintiff pled no facts supporting his UCL claims. ECF No. 24 ("Aug. 23 Order") at 4-8. The Court dismissed Plaintiff's case with leave to amend, giving Plaintiff thirty days from August 23 to file an amended complaint or risk dismissal with prejudice. Id. at 7-8.

Thirty days passed. On October 4, Plaintiff filed an amended complaint, ECF No. 25, coupled with a notice of voluntary dismissal without prejudice, ECF No. 26. Voluntary dismissals without court orders are acceptable under Rule 41 if filed before an opposing party serves an answer or a motion for summary judgment, or if the parties stipulate to a dismissal. Rule 41(a)(1). Otherwise the dismissal must be by court order. Rule 41(a)(2).

Under other circumstances, therefore, Plaintiff's notice of voluntary dismissal would be acceptable: he filed both an amended complaint and a notice of voluntary dismissal. But under these specific circumstances, with the Court having given Plaintiff thirty days to amend or risk dismissal with prejudice, Plaintiff's notice is ineffective. Plaintiff ignored his Court-imposed deadline for nearly two weeks. The Court will not abide this. See, e.g., Maleon v. U.S. Postal Serv., 833 F.2d 128, 132-33 (9th Cir. 1987) (failure to obey a court order, after being warned and instructed on how to comply, may warrant dismissal with prejudice).
///
///
///
///
///
///

2

1   The Court declines to grant Plaintiff a court order dismissing
2 the action without prejudice.  Plaintiff must file a short brief of
3 no more than five pages explaining his delay in filing the amended
4 complaint and his rationale for filing a notice of voluntary
5 dismissal.  Plaintiff should file the brief within one week of this
6 Order's signature date.
7   The Court will consider this brief in determining whether to
8 dismiss Plaintiff's case with prejudice.

10   IT IS SO ORDERED.

12   Dated: October 24, 2013        _____
13                                   UNITED STATES DISTRICT JUDGE